UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

FILED
Oct 20  10 04 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 24th day of June, two thousand and three.

PRESENT: HON. ROGER J. MINER,
         HON. DENNIS JACOBS,
         HON. JOSÉ A. CABRANES,
                    Circuit Judges.



- - - - - - - - - - - - - - - - -X
GARY SESSIONS,

    Plaintiff-Appellant,

    -v.-                                           02-7337

QUINCY D. FREEMAN, STEVEN TEAGUE, Ofcr, RAYMOND BRIGHT, Ofcr, KENNETH BLANCHARD, Ofcr, LEE-ANN ROHMER, Ofcr, EDUARDO DIAZ, Ofcr, MARK FOSTER, Ofcr, JOSEPH STREETO, Sgt.,
    Defendants-Appellees.
- - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:   GARY SESSIONS, Pro Se, West Haven, CT.

— ISSUED AS MANDATE: 10/7/03

**APPEARING FOR APPELLEES:**     MARTIN S. Echter, Deputy Corporation Counsel, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Hall, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff Gary Sessions, pro se, appeals from a final judgment entered in the District of Connecticut (Hall, J.), dismissing his federal constitutional and state law claims after a jury returned a verdict in favor of defendant New Haven Police Officers Quincy Freeman, Lee-Ann Rohmer, Eduardo Diaz, Mark Foster, and Sergeant Joseph Streeto. Sessions alleges that defendants violated his rights when they (inter alia) stopped and searched him in reliance upon an anonymous tip that Sessions was driving with a murder suspect in his car.

(1) Sessions first argues that the jury instructions were erroneous because the district court: (a) failed to adequately convey that it had directed a verdict against three defendants with regard to the initial stop and search, and (b) unduly prejudiced the jury by stating that, with regard to "whether [Officer Freeman] had reasonable suspicion to believe that the murder suspect was Mr. Session's passenger. . . ., it does not matter that Mr. Session was stopped in West Haven by New Haven officers." See Tr. at 560-61 (emphasis added).

We see no reversible error. The court adequately instructed the jury as to the directed verdict, see Tr. at 567, and while the location of the stop might have been relevant to qualified immunity, the challenged statement was part of an explication of the concept of reasonable suspicion. Viewed in the context of the record as a whole, the statement did not unduly prejudice Sessions. See United States v. Tocco, 135 F.3d 116, 129 (2d Cir. 1998) ("When a judge's conduct is challenged as displaying bias against [a party], the entire record must be examined to determine whether the jurors have been so impressed by the judge's partiality that it affected their deliberations.").

(2) Sessions contends that the district court erred in submitting the affirmative defense of qualified immunity to the jury. Since the facts relating to the defense were disputed, and the court may decide the issue of qualified immunity only on the basis of undisputed facts, the issue was properly submitted to the jury. See Oliveira v. Mayer, 23 F.3d 642, 650 (2d Cir. 1994) ("The District Court should have let the jury (a) resolve the[] factual disputes and (b) based on its findings, decide whether it was objectively reasonable for the defendants to believe that they were acting within the bounds of the law when they detained the plaintiffs.").

(3) Sessions next claims that the district court abused its discretion in admitting testimony regarding the purportedly anonymous tipster. Sessions did not object to admission of this evidence, and we see no reversible error in admitting it absent any objection. See United States v. Gelzer, 50 F.3d 1133, 1141 (2d Cir. 1995).

(4) According to Sessions, the district court should have directed a verdict against defendant Diaz with respect to the initial stop and search, since the court directed a verdict against three similarly-situated defendants. While the record on appeal is unclear as to whether Sessions even moved for a directed verdict against Diaz, something Sessions has the burden of showing, see Fed. R. App. P. 10(b), whether he did so is immaterial. Even if he moved for a directed verdict and the district court erred in denying the motion, the jury's explicit finding that the initial stop and search did not proximately cause any cognizable damages would make any such error harmless. See Tr. at 602-04.

(5) Finally, Sessions claims that it was reversible error to allow defense counsel to argue at closing that Sessions had not established proximate cause. This argument did not exceed the wide latitude granted counsel with regard to closing arguments. See United States v. Myerson, 18 F.3d 153, 163 (2d Cir. 1994) (stating that counsel "are entitled to broad latitude" in their closing arguments, "provided they do not misstate the evidence") (quoting United States v. Smith, 778 F.2d 925, 929 (2d Cir. 1985))).

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK
By:

*Lucille Carr*
Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
    DEPUTY CLERK